

# THE ATTORNEY GENERAL
# OF TEXAS

**JOHN L. HILL**
**ATTORNEY GENERAL**

AUSTIN, TEXAS 78711

November 28, 1973

The Honorable Ron Jackson
Acting Executive Director
Texas Youth Council
201 E. 14th Street
Austin, Texas 78701

Dear Mr. Jackson:

Opinion No. H- 160

Re:    Whether students may
       be assigned to Training
       Schools of the Texas
       Youth Council on a
       coeducational basis

By your letter of October 15, 1973, you indicate that "the Texas Youth Council is contemplating the assignment of students who have been adjudged delinquent to its training schools on a coeducational basis." You request the opinion of this office as to whether any legal prohibition to such practice exists.

We are of the opinion that this question should be answered that there is no prohibition. The Texas Youth Council was created by the 55th Legislature in 1957. Article 5143d, V. T. C. S. The title of the Act (Acts 1957, 55th Leg., ch. 281, p. 660) provides:

> "An Act creating a Texas Youth Council for the
> protection, care, training and supervision of
> certain classes of children and youth of the state,
> and, among other things, defining its powers,
> duties and functions. . . ."

Section 2 of the Article 5143d provides that:

> "This Act shall be liberally construed to accomplish
> the purpose herein sought."

Section 5, in which the powers and responsibilities of the Texas Youth Council are set forth, states in part that:

"(b) The Texas Youth Council shall be responsible for the adoption of <u>all</u> policies and shall make <u>all</u> rules appropriate to the proper accomplishment of its functions." (emphasis added)

The major duties and functions of the Texas Youth Council are declared in §6, which provides in part that the Texas Youth Council shall:

"(d) Administer the diagnostic treatment and training and supervisory facilities and services of the state for delinquent children committed to the state. Manage and direct state training school facilities and <u>provide for the coordination and combination of such facilities, as deemed advisable by the Texas Youth Council</u>, and for the creation of new facilities within the total appropriation provided by the Legislature; exercise administrative control over all other institutions and facilities under its jurisdiction." (emphasis added)

By virtue of the foregoing sections to Article 5143d, we are of the opinion that the Legislature intended to vest in the Youth Council as much authority as possible in determining the policies and rules for treatment and disposition of juveniles committed to the Council. We conclude that Article 5143d provides the Youth Council with the power to authorize the assignment of students to state training schools on a coeducational basis if, in the opinion of the Council, it will help facilitate the accomplishment of the purpose of such institutions.

We are of the opinion that the Legislature did not intend to require sexually segregated training institutions.

Sections of Article 5143d, in addition to those quoted heretofore, support our opinion by implication. Section 20, for example, relates to the appointment of superintendents for the schools and institutions. It provides in part that:

"The superintendent of any school or other facility for the care of girls <u>exclusively</u> shall be a woman." (emphasis added)

By use of the word "exclusively," we believe that the Legislature anticipated that males and females might be assigned to state training schools on a coeducational basis.

Section 26(b) states in part:

> "When funds are available for the purpose, the Youth Council may: . . .
>
> "(b) Establish and operate additional treatment and training facilities, including forestry or parks-maintenance camps and boys' ranches, necessary to classify and segregate and handle juvenile delinquents of different ages, habits and mental and physical condition according to their needs." (emphasis added)

Despite the reference to the establishment of boys' ranches, we conclude that § 26(b) does not require classification and segregation of juvenile delinquents on the basis of the sex of said juveniles alone.

We have found nothing in legislation enacted prior to the passage of Article 5143d concerning the treatment and custody of children judicially declared to be juvenile delinquents expressly prohibiting the assignment of children to state training schools on a coeducational basis. Some earlier statutory provisions have, however, reflected the traditional separate treatment and custody of males and females. In view of our opinion that Article 5143d vests in the Youth Council the authority and power to determine all policies and rules of the state training institutions, and hence to assign students to said institutions on a coeducational basis, we conclude that any inferences possibly drawn from such earlier statutes detracting from that power and authority are rendered inapplicable to the Youth Council by § 39 of Acts 1957, 55th Legis., p. 660, ch. 281 (Article 5143d) which provides that:

> "All laws and parts of laws in conflict with the provisions of this Act are hereby repealed to the extent of such conflict only."

## SUMMARY

Article 5143d, creating the Texas Youth Council, vests in the Council the authority to promulgate all policies and rules appropriate to the rehabilitation of juvenile delinquents committed to the Council, including the assignment of juveniles to state training schools on a coeducational basis.

Very truly yours,

JOHN L. HILL
Attorney General of Texas

APPROVED:

LARRY F. YORK, First Assistant

DAVID M. KENDALL, Chairman
Opinion Committee